Kevin Josue **CHICAS–MARENCO**, Petitioner,

v.

Loretta E. **LYNCH**, Attorney General, Respondent.

No. 14–70898

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

August 2, 2016

Claudia Jasmine Lopez, Law Offices of Claudia Lopez, Los Angeles, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Yedidya Cohen, Trial Attorney, Lauren Fascett, Anthony Cardozo Payne, Senior Litigation Counsel, OIL, Washington, DC 20044, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Kevin Josue Chicas–Marenco, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that Chicas–Marenco failed to demonstrate a protected ground was or will be a central reason for the mistreatment he fears from gang members. *Id.* at 1015; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, his asylum and withholding of removal claims fail. *Zetino*, 622 F.3d at 1015–16.

Substantial evidence also supports the BIA's denial of CAT relief because Chicas–Marenco failed to show it is more likely than not that he would be tortured by the government of El Salvador, or with its consent or acquiescence. *Garcia–Milian v.*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**